IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| STAN K. HUBER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV05-206-S-MHW |
| | ) | |
| vs. | ) | **INITIAL REVIEW ORDER** |
| | ) | |
| RANDY BLADES, LARRY HYNES, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

     Pending before the Court is the review of Plaintiff's Prisoner Civil Rights Complaint (Complaint) to determine whether Plaintiff is entitled to proceed *in forma pauperis* and whether the allegations of the Complaint are subject to summary dismissal under 28 U.S.C. §§ 1915(e)(2). Plaintiff also has two motions pending before the Court: (1) Motion to Proceed In Forma Pauperis (Docket No. 1); and (2) Motion for Limited Power of Attorney (Docket No. 5).

     Having carefully reviewed the record, and otherwise being fully informed, the Court has determined that Plaintiff will be allowed to proceed with his Eighth Amendment claim against Defendants Blades and Hynes. The Court will also conduct a status conference in this case in order to determine whether Plaintiff's medical condition

ORDER - 1

may affect the scheduling deadlines in the case.

# I.

# REVIEW OF COMPLAINT

### A.  BACKGROUND

Plaintiff is an inmate in the custody of the Idaho Department of Correction (IDOC).  He is presently incarcerated at the Idaho State Correctional Institution (ISCI). He filed his lawsuit against Randy Blades, the Warden of ISCI, and Larry Hynes, Medical Director for Prison Health Services.  *Complaint*, p. 1-2.

Plaintiff alleges that Defendants delayed his medical care to the point where he is now suffering from terminal cancer.  He claims that his sentencing records indicate that he was to be given adequate medical care for his condition.  He further alleges that his medical records will show that his care was significantly delayed.  *Complaint*, p. 3. Plaintiff does not provide any additional facts in support of his claim, but he lists two other inmate cases in which they allegedly failed to receive treatment for cancer.

Plaintiff generally alleges that he exhausted the prison grievance system, and refers to filing "pre-trial – medical concerns."

### B.  APPLICABLE LEGAL STANDARDS

 The Court is required to review complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  28 U.S.C. § 1915.  The Court must dismiss a complaint or any portion thereof which states a claim that is frivolous or malicious, that fails to state a

ORDER - 2

claim upon which relief can be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  Plaintiff brings his claims under 42 U.S.C. § 1983, the civil rights statute.  To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law.  *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

For an inmate to state a claim under § 1983 for denial of adequate medical treatment, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (citing *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976)).  Plaintiff claims that the individual Defendants failed to provide adequate care for his cancer condition.  These allegations are sufficient to state an Eighth Amendment claim, and he will be authorized to proceed against Defendants Blades and Hynes.

## II.

## MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff filed a Motion to Proceed *in Forma Pauperis*, supported by an affidavit of assets and a prison trust account statement. It appears that good cause exists to grant Plaintiff indigent filing status.  Accordingly, the Motion will be granted.

## III.

## MOTION FOR LIMITED POWER OF ATTORNEY

Plaintiff also filed a document entitled "Limited Power of Attorney Pro-Se; and

ORDER - 3

Living Will." (Docket No. 5). The document was also construed by the docketing clerk as a request for an expedited hearing. Plaintiff requests that his family members be allowed to proceed with his claim in the event he dies. The Court will not make a determination on this issue at the present time. Therefore, the request will be denied. Based on the seriousness of Plaintiff's allegations regarding his medical condition, the Court will conduct a telephone status conference on November 1, 2005 at 11:00 a.m. Therefore, to the extent the document was construed as a request for an expedited hearing, the request is granted.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the named Defendants shall be allowed to waive service of summons by executing, or having their counsel execute, the Waiver of Service of Summons as provided by Fed. R. Civ. P. 4(d) and returning it to the Court within thirty (30) days. If Defendants choose to waive service, the answer or pre-answer motion shall be due in accordance with Rule 12(a)(1)(B). Accordingly, the Clerk of Court shall forward a copy of the Complaint (Docket No. 3), and a copy of this Order, and a Waiver of Service of Summons to Timothy McNeese, Deputy Attorney General, Idaho Department of Correction, 1299 North Orchard, Ste. 110, P.O. Box 83720 Boise, Idaho 83720-0018 on behalf of Warden Blades. The same set of documents shall also be sent to Prison Health Services, Attn: Rick Dull, 1111 South Orchard Street, #242, Boise, ID 83705 and to Joseph McCollum, Hawley Troxell Ennis & Hawley, 877 Main

ORDER - 4

Street, Suite 1000, P.O. Box 1617, Boise, ID 837007-1617 on behalf of Defendant Hynes.

  IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion to Proceed in Forma Pauperis (Docket No. 1) is GRANTED.

  IT IS FURTHER HEREBY ORDERED that Plaintiff's Notice of Limited Power of Attorney, also docketed as Motion for Expedited Hearing (Docket Nos. 4 and 5) is DENIED in part and GRANTED in part as set forth above.

  IT IS FURTHER HEREBY ORDERED that the parties shall participate in a telephone status conference on November 1, 2005 at 11:00 a.m.  Defendant Hynes' counsel shall initiate the call to the Court at (208) 334-1504.



DATED: **October 20, 2005**

_Mikel H. Williams_
Honorable Mikel H. Williams
United States Magistrate Judge

ORDER - 5