IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| STAN K. HUBER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV05-206-S-MHW |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| RANDY BLADES, LARRY HYNES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Pending before the Court is Defendant Hynes' Motion to Dismiss (Docket No. 28) in which Defendants' counsel notified the Court that Plaintiff recently died. Therefore, it appears that good cause exists to grant Defendant's Motion.

**BACKGROUND**

Plaintiff was a former inmate in the custody of the Idaho Department of Correction (IDOC). He filed his lawsuit against Randy Blades, the Warden of ISCI, and Larry Hynes, Medical Director for Prison Health Services. *Complaint*, p. 1-2. Plaintiff alleged that he was suffering from terminal cancer and that Defendants delayed his medical treatment. It appeared from the Complaint that Plaintiff may have been diagnosed with cancer prior to his incarceration because his sentencing records allegedly referred to the

**ORDER  1**

provision of adequate medical care for his condition.  *Complaint*, p. 3.

Due to the seriousness of Plaintiff's allegations, the Court held a status conference on November 1, 2005, and an expedited scheduling order was set in the case.  *Docket No. 16*.  Plaintiff informed the Court at the status conference that he believed he had several months to live and that his death was not imminent.

Defendants' counsel, Michelle Points, provided a copy of Plaintiff's death notice to the Court with this Motion, indicating that he died on December 17, 2005.  *Affidavit of Michelle Points*, p. 2 and Exhibit A.

## DISCUSSION

Idaho law provides that a Plaintiff's § 1983 claim abates upon his death.  *Evans v. Twin Falls County*, 118 Idaho 210, 796 P.2d 87 (1990).  I. C. § 5-311 provides that:

> (1) When the death of a person is caused by the wrongful act or neglect of another, his or her heirs or personal representatives on their behalf may maintain an action for damages against the person causing the death, whether the wrongdoer dies before or after the death of the person injured.

The *Evans* court ruled that the wrongful death action provided for in Idaho Code § 5-311 does not mandate the continuation of a § 1983 claim because a civil rights claim is a personal cause of action, "actionable only by persons whose civil rights have been violated."  *Id*. at 216.  Therefore, although Plaintiff's heirs or personal representatives may be able to bring a wrongful death action under Idaho law, the present civil rights action abated when Plaintiff died.

The Motion to Dismiss was unopposed by the IDOC Defendants, and no

**ORDER  2**

opposition was filed on Plaintiff's behalf.  Based on the foregoing, the Court will grant Defendant Hynes' Motion to Dismiss.

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant Hynes' Motion to Dismiss (Docket No. 28) is GRANTED.  Plaintiff's case is hereby dismissed.  The Clerk of Court shall make his best effort to serve this Order on a member of Plaintiff's family.



DATED:  April 21, 2006

_____
Honorable Mikel H. Williams
United States Magistrate Judge

**ORDER  3**